UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

SACOREY CLARK,                           )
                                         )
        Petitioner,                      )
                                         )
v.                                       )        Case No. 4:25-cv-01279-JAR
                                         )
UNITED STATES OF AMERICA,                )
                                         )
        Respondent.                      )

## MEMORANDUM AND ORDER

This matter is before the Court for review of Petitioner Sacorey Clark's Motion to Vacate,

Set Aside, or Correct Sentence under 28 U.S.C. § 2255. For the reasons explained below, the Court

will deny the motion and dismiss this action without prejudice.

### Background

On May 3, 2017, a jury found Clark guilty of being a felon in possession of a firearm in

violation of 18 U.S.C. § 922(g)(1). *United States v. Clark*, No. 4:16-cr-00107-JAR (E.D. Mo. 2016).

On May 9, 2018, this Court sentenced Clark to serve 180 months' imprisonment after determining

that he qualified for enhanced sentencing under the Armed Career Criminal Act ("ACCA"), 18

U.S.C. § 924(e). The United States Court of Appeals for the Eighth Circuit affirmed this Court's

judgment. *United States v. Clark*, 934 F.3d 843 (8th Cir. 2019).

On February 2, 2021, Clark filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or

Correct Sentence. *Clark v. United States*, No. 4:21-cv-00127-JAR (E.D. Mo. 2021). He asserted

claims based on *Rehaif v. United States*, 139 S. Ct. 2191 (2019); he claimed he should not have

received an enhanced sentence because he did not qualify as an Armed Career Criminal; and he

claimed he received ineffective assistance of counsel when his appointed attorney failed to raise

certain arguments. *Id.* This Court denied Clark's motion on its merits on December 15, 2021, and the Court of Appeals dismissed Clark's appeal on December 12, 2022.

Clark filed the instant motion on August 18, 2025 to again challenge this Court's judgment in *United States v. Clark*, No. 4:16-cr-00107-JAR. He asserts four grounds for relief: (1) he is serving an enhanced sentence even though the indictment did not charge a violation of the ACCA; (2) the admission of certain testimony and evidence rendered his conviction unconstitutional; (3) his claim premised upon *Borden v. United States*, 141 S. Ct. 1817 (2021) is now ripe based on newer case law; and (4) he was deprived of his right to appeal because his attorney did not understand certain legal principles. Doc. 1 at 4-8 and 13-28.

On March 4, 2026, Clark filed a petition for writ of mandamus in the Eighth Circuit Court of Appeals. Doc. 2. Briefly, he claimed he was serving an additional 60 months for a crime not charged in the indictment, and he sought release from confinement, an order vacating his sentence, and other relief. *Id.* The Court of Appeals denied the petition on March 10, 2026 and issued its mandate that same date. Docs. 3 and 4.

## Discussion

A district court is not "required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus." 28 U.S.C. § 2244(a). Rather, under the Antiterrorism and Effective Death Penalty Act of 1996, a federal inmate seeking relief under 28 U.S.C. § 2255 must first receive certification from the court of appeals to file a second or successive motion. *United States v. Brown*, 915 F.3d 1200, 1201 (8th Cir. 2019); *see also* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is

2

filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

The Court finds that the instant motion is a successive motion, and because Clark has not obtained permission from the Court of Appeals to file it, this Court lacks jurisdiction to entertain it. The Court will therefore deny the motion and dismiss this action without prejudice. The Court also finds that Clark has not met the burden for issuing a certificate of appealability. *See* 28 U.S.C. § 2253.

Accordingly,

**IT IS HEREBY ORDERED** that Clark's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is **DENIED,** and this action is **DISMISSED** without prejudice. A separate order of dismissal will be entered with this Memorandum and Order.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue. *See* 28 U.S.C. § 2253.

Dated this 16th day of April, 2026.

_____
JOHN A. ROSS
SENIOR UNITED STATES DISTRICT JUDGE

3